# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| LAMAR WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV608-018 |
| | ) | |
| STATE OF GEORGIA and STATE BOARD OF PARDONS AND PAROLES, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Lamar White, currently incarcerated at Coastal State Prison in Savannah, Georgia, has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents have filed an answer opposing the petition. (Doc. 6.) For the reasons that follow, the petition should be **DENIED**.

## I. BACKGROUND

On January 8, 2000, a Tattnall County jury convicted White of possession of cocaine with intent to distribute. (Doc. 1 at 3.) He was

sentenced to a total of twenty years' imprisonment. (Id.) On July 31, 2006, the Georgia Court of Appeals affirmed White's conviction and sentence. White v. State, No. A06A1383 (Ga. Ct. App. July 31, 2006).

On October 23, 2006, White filed a state habeas corpus petition in the Superior Court of Chatham County, challenging the validity of his conviction.[1] (Resp. Ex. 3.) The state habeas court denied his petition on April 6, 2007. (Id.) On September 10, 2007, the Georgia Supreme Court denied White's application for a certificate of probable cause to appeal the state habeas court's decision. (Resp. Ex. 6.)

Petitioner filed this federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 14, 2008, asserting the following grounds for relief:

(1) the conviction was obtained by the use of evidence obtained pursuant to an unconstitutional search and seizure;

(2) the prosecution withheld exculpatory evidence and the discovery it provided was not accurate or complete;

(3) the investigating officers violated White's due process rights by surveilling him without a judicial order;

(4) White's due process rights were violated by the use at trial of evidence gained from an unconstitutional search and seizure;

---

[1] White filed an earlier state habeas petition regarding an appeal bond issue. (Resp. Ex. 1.) The state habeas court granted the writ. (Resp. Ex. 2.) That petition and its outcome have no bearing on the analysis of White's current federal petition.

(5) trial counsel was ineffective for failing to represent his client at the "guilt and innocence" phase of the trial;

(6) appellate counsel was ineffective for failing to represent his client at the appellate stage of the proceedings;

(7) the trial court erred by failing to instruct the jury that proof beyond a reasonable doubt is necessary as to every fact which constitutes the crime charged; and

(8) the verdict was contrary to law and principles of justice and equity, as the state failed to prove constructive possession of the cocaine beyond a reasonable doubt.

(Doc. 1 at 7-8.)

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In <u>Neelley v. Nagle</u>, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape' at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ."[2] <u>Id.</u> at 923. A legal principle is "clearly established if Supreme Court precedent would have compelled a particular result in the case." <u>Id.</u>; <u>see also</u> <u>Hogan v. Hanks</u>, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. <u>Neelley</u>, 138 F.3d at 923. A decision is "contrary to" the then existing federal law if the state court either failed

---

[2] Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. <u>Lindh v. Murphy</u>, 96 F.3d 856, 869 (7th Cir. 1996); <u>accord</u> <u>Green v. French</u>, 143 F.3d 865, 874 (4th Cir. 1998). This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court. <u>Lindh</u>, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute clearly established Federal law within the meaning of the statute. <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).

4

to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923-24.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 519 U.S. 1074 (1997).[3] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neelley, 138 F.3d at 924; see H.R. Conf. Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996) (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

---

[3.] The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

5

> The Supreme Court of the United States sets the bounds of what is reasonable; a state decision within those limits must be respected not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable" the Neelley court concluded that a federal court may grant the writ "only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." Neelley, 138 F.3d at 768 (quoting Drinkard, 97 F.3d at 769). The Eleventh Circuit later recognized that the "reasonable jurist" standard, which the Neelley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The federal habeas court should not transform the inquiry into a

6

> subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 529 U.S. at 409-10 (emphasis added). The court then emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. With these considerations in mind, the Court will now turn to White's asserted grounds for relief.

### III. ANALYSIS

Grounds 1, 2, 3, 4, 5, and 7 are procedurally defaulted under state law and therefore should be denied. The two remaining grounds, 6 and 8, must be reviewed on the merits.

#### A. Procedural Default

The federal courts' respect of state procedural default rules is rooted in Supreme Court precedent. In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Echoing the holding in Coleman, the Eleventh Circuit has stated that a § 2254 petitioner who fails to properly raise his federal claims in state court is "procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). "Such procedural default can arise two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, Sykes requires the federal court to respect the state court's decision." Id. (citing Atkins v. Singletary, 965 F.2d 952, 956 (11th Cir. 1992)). "Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing

in state court." Id. (citing Snowden v. Singletary, 135 F.3d 736, 737 (11th Cir. 1998)).

Here, the state habeas court explicitly found that grounds 1, 2, 3, 4, 5, and 7 were procedurally barred under Turpin v. Todd, 493 S.E.2d 900 (Ga. 1997), and Black v. Hardin, 336 S.E.2d 754 (Ga. 1985). (Resp. Ex. 5 at 5.) Turpin applied O.C.G.A. § 9-14-48(d), which states that claims not raised in a timely manner under the proper procedure at trial or on direct appeal may not be reviewed in a habeas corpus proceeding absent a showing of cause or prejudice. Id. at 905; see also Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997); Gaither v. Gibby, 475 S.E.2d 603, 604 (Ga. 1996); Black, 336 S.E.2d at 755 (failing to timely object to any alleged trial court error or to pursue such error on appeal will generally preclude review by writ of habeas corpus). Because these claims were not raised on appeal, the state habeas court found them to be procedurally defaulted. (Resp. Ex. 5 at 5.)

To determine whether these claims are presently procedurally defaulted, the Court must "ask whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar, i.e., an adequate and independent state ground." Bailey,

172 F.3d at 1303. The state habeas court clearly did so. Briefly summarizing the state proceedings, White's "sole contention on appeal [was] that the evidence was insufficient to prove beyond a reasonable doubt that he had possession of the cocaine." (Resp. Ex. 4, Ga. Ct. App. Op. 1.) But at his state habeas corpus proceeding, he raised the following seven grounds for relief:

(1) the conviction was obtained by the use of evidence obtained pursuant to an unconstitutional search and seizure;

(2) the investigating officers violated White's due process rights by surveilling him without a judicial order;

(3) the prosecution withheld exculpatory evidence and the discovery it provided was not accurate or complete;

(4) White's due process rights were violated by the use at trial of evidence gained from an unconstitutional search and seizure;

(5) trial counsel was ineffective;

(6) appellate counsel was ineffective; and

(7) the trial court erred by failing to instruct the jury that proof beyond a reasonable doubt is necessary as to every fact which constitutes the crime charged.

(Resp. Ex. 3.) The state habeas court addressed ground 6, White's claim of ineffective assistance of appellate counsel, but, as noted above, it held that the remaining six grounds for relief were procedurally barred under

Turpin and Black. (Resp. Ex. 5 at 5.) Those six grounds for relief correspond to grounds 1, 2, 3, 4, 5, and 7 of the present § 2254 petition. (Doc. 1 at 7-8.) The state court properly applied O.C.G.A. § 9-14-48(d), as White failed to raise those six grounds on appeal. Consequently, this Court must respect its determination. Atkins, 965 F.2d at 956 ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." (citation omitted)).

Nevertheless, if White can demonstrate that he qualifies for an exception to the bar, this Court must review his claims. See Bailey, 172 F.3d at 1302. To qualify for an exception, White must demonstrate either cause and prejudice for his state court procedural default or that he is actually innocent. Johnson v. Singletary, 938 F.2d 1166, 1174–75 (11th Cir. 1991). White neither claims that he is actually innocent of the crimes charged nor puts forward facts establishing cause for and prejudice from his failure to lodge these grounds for relief in the state appellate court. Furthermore, the state habeas court explicitly found

that White failed to demonstrate cause and prejudice sufficient to excuse the default. (Resp. Ex. 5 at 5.) Accordingly, this Court should "just treat those claims now barred by state law as no basis for federal habeas relief." Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007) (quoting Kelley v. Sec'y for Dep't of Corrs., 377 F.3d 1317, 1351 (11th Cir. 2004)). Grounds 1, 2, 3, 4, 5, and 7 should therefore be denied.

White did not raise ground 8, which challenges the sufficiency of the evidence against him, in his state habeas corpus proceeding. (Resp. Ex. 3 at 4-5.) Relying upon O.C.G.A. § 9-14-51, which "forbids successive state habeas petitions except to raise issues that could not have been raised in the first habeas petition," respondents contend that ground 8 is procedurally barred, as it could not now be raised in a successive state habeas petition. (Doc. 8 at 10.) But White raised this ground on appeal, and the appellate court denied relief. (Resp. Ex. 4, Ga. Ct. App. Op. 1-6.) And "once the state courts have ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based on the same evidence and issues already decided by direct review.'" Castille v. Peoples, 489 U.S. 346, 350 (1989) (quoting Brown v. Allen, 344 U.S. 443, 448 n.3 (1953)); Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007).

Thus, exhaustion of state remedies may be accomplished either through direct review or a state habeas corpus petition, so long as the prisoner has invoked "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In other words, to satisfy the exhaustion requirement of § 2254, a state prisoner is not obligated to repeatedly present his claim to the state's courts. Brown, 344 U.S. at 448 n.3; Mills v. Maass, 979 F.2d 855 (9th Cir. 1996) (unpublished table decision). Consequently, this claim is not procedurally barred under Georgia law, and the Court must review it along with White's surviving claim of ineffective assistance of appellate counsel.

### B. Ineffective Assistance of Appellate Counsel

In ground 6, White contends that his appellate counsel performed ineffectively by failing "to represent his client during his appellate stage of his pending appeal." (Doc. 1 at 8.) This ground was raised during his state habeas proceeding, and the habeas court found that White failed to prove ineffective assistance of appellate counsel. (Resp. Ex. 5 at 2-5.)

As noted above, the Court must review § 2254 claims through the lens of clearly established federal law. The clearly established federal

law applicable to this claim comes from Strickland v. Washington, 466 U.S. 668 (1984), which created a two-part test for determining whether a defendant received ineffective assistance of counsel. Id. at 687. First, a petitioner must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a petitioner must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the performance prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a petitioner must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-536 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Id. at 750-51. Effective appellate counsel should "winnow out" weaker arguments even though the weaker arguments may be meritorious. Id. at 751-752. "[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstance that would warrant excusing a defendant's failure to

adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases." Smith, 477 U.S. at 537.

The record indicates that the state habeas court properly applied the Strickland test to White's claim. (Resp. Ex. 5 at 2-5.) The state court held a hearing on the matter and took testimony from White's appellate counsel. (Id.) At the hearing it was established that counsel was an experienced criminal attorney who had conducted over one hundred criminal trials and appeals. (Id.) After being appointed, he obtained and reviewed a copy of the trial transcript. (Id.) He attended a hearing on a motion for new trial, where he asserted the sufficiency of the evidence claim, which, in his opinion, was the most meritorious argument White could pursue. (Id.) He also met and corresponded with White regarding his appeal. (Id.) The state habeas court noted that appellate counsel examined the possibility of raising a claim of ineffective assistance of trial counsel but decided not to after finding no basis for the claim. (Id. at 4.) After thoroughly analyzing White's claim of ineffective assistance of appellate counsel, the state habeas court held that "[p]etitioner has failed to overcome the presumption that [counsel's] decision to pursue solely a sufficiency of the evidence claim on appeal was incorrect. . . .

Moreover, [p]etitioner has failed to show that [counsel's] decision was an unreasonable one that only an incompetent attorney would adopt." (Id.)

Based on its application of the relevant Supreme Court precedent, the state habeas court determined that White had failed to overcome the presumption of effective assistance in his development of appellate strategy, as he had not satisfied the first prong of the Strickland analysis: he failed to show that appellate counsel's decisions were objectively "unreasonable." (Id.) Because White failed to overcome the presumption of counsel's effectiveness, the state habeas court denied relief on this ground. (Id.) After reviewing the record, the Court finds the state habeas court's determination of the facts and application of controlling Supreme Court authority were reasonable. Therefore, this Court may not disturb the state court's holding, and this ground for relief should be denied.

### C. Sufficiency of the Evidence

In ground 8, White claims that the Tattnall County verdict was contrary to law and principles of justice and equity. (Doc. 1 at 8.) Specifically, he contends that the state failed to prove beyond a reasonable doubt that he constructively possessed the cocaine underlying

his conviction, as the agents performing the search of his residence found it within the curtilage of his neighbor's property, not his own, stating: "[t]he agent had [a] search warrant for the defendant's grandmother['s] house and searching the neightbor's [sic] property and found contraband within 20-30 yd from the residence." (Doc. 1 at 8.) The Court construes this as a claim that the evidence was insufficient to support the conviction. (Doc. 8.)

According to clearly established federal law, when a habeas petitioner asserts that there is insufficient evidence in the record to sustain his conviction a court must determine whether a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found petitioner guilty of the charged crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979). When weighing the sufficiency of the evidence supporting a conviction, a court is not required to find that the evidence excludes every possible hypothesis except that of guilt beyond a reasonable doubt. Id. at 326; Wilcox v. Ford, 813 F.2d 1140 (11th Cir. 1987). "Faced with a record of historical facts that supports conflicting inferences, [a court] must presume that the jury resolved such conflicts in favor of the prosecution,

deferring to the jury's judgment as to the weight and credibility of the evidence." Ford, 813 F.2d at 1143. "The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief." Id.

White challenged the sufficiency of the underlying evidence on direct appeal. (Resp. Ex. 4, Ga. Ct. App. Op. 5.) The Georgia Court of Appeals noted that the evidence at trial established that the cocaine was located within the yard of White's residence, not his neighbor's residence. (Id.) In addition to the cocaine, the court noted that White was arrested with $965 on his person, and that he had scales, a scanner, and baggies in his residence that were all used to help him distribute the illegal drugs. (Id. at 5-6.) Citing to Jackson, the appellate court held that the evidence was "sufficient to affirm the judgment of conviction." (Id. at 1, 5.) In fact, the court of appeals went a step beyond Jackson by holding that the evidence was "sufficient to exclude every reasonable hypothesis save that White had constructive possession of the cocaine and was guilty of the charged offense beyond a reasonable doubt." (Id. at 5); Jackson, 443 U.S. 307 at 326 (noting that a court is *not required to find* that the evidence excludes every possible hypothesis except that of

19

guilt beyond a reasonable doubt). The appellate court reasonably applied the Jackson standard to the facts of White's case. Consequently, White has failed to show that he is entitled to federal habeas relief on this ground.

## IV. CONCLUSION

For the foregoing reasons, White's petition for relief pursuant to 28 U.S.C. § 2254 should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 13th day of June, 2008.

*/s/ J.E. Smitt*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA